UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MICHAEL RIVERA,

                              Plaintiff,

            -against-

ANDREA EVANS,
Chairperson, NYS Division of Parole;
DORA B. SCHRIRO,
Commissioner, NYC Department of Correction,

                             Defendants.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: SEP 03 2014

MEMORANDUM DECISION
AND ORDER

13 Civ. 6341 (GBD) (FM)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Michael Rivera brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Andrea Evans, Chairperson of New York State's Division of Parole, and Dora B. Shriro, former Commissioner of New York City's Department of Correction. Plaintiff's Complaint sues both Defendants in their individual and official capacities, and seeks damages in the amount of $100,000 from each Defendant, for his alleged "false imprison[ment]" at Riker's Island and "depriv[ation] of [his] constitutional right to post bail" as a result of an expired parole warrant.[1] (Compl. ¶ III, ECF No. 2.) Defendants moved to dismiss the Complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 24, 28.) Before this Court is Magistrate Judge Frank Maas's July 29, 2014 Report and Recommendation ("Report"), in which he recommended that this Court grant Defendants' motions to dismiss Plaintiff's claims. (ECF No. 38.) Magistrate Judge Maas's Recommendation is

---

[1] Although Plaintiff's Complaint raised an allegation of false imprisonment, Plaintiff has subsequently sought leave to amend his Complaint in order to drop that claim. (Pl.'s Opp'n Mem. at 9, ECF No. 32.) Upon the Magistrate Judge's recommendation, that application is GRANTED. (*See* Report at 7.)

adopted. Defendants' motions are GRANTED. The instant action is DISMISSED.

## Relevant Facts

On May 17, 2013, while under parole supervision, Plaintiff was arrested and charged with criminal sale and possession of a controlled substance. (Report at 2.) At arraignment, Plaintiff's bail was set at $3,499. (Report at 2.) Plaintiff's wife was informed by a bail bondsman that he would not issue her a bail bond for Plaintiff because there was an outstanding parole warrant against him. (Report at 2-3.) Subsequently, on August 14, 2013, a representative of the NYS Attorney General's Office told Plaintiff that the warrant referred to was "four or five years old" and had expired. (Report at 3.) On July 12, 2013, Plaintiff pled guilty to a misdemeanor on the narcotics charges and was sentenced to the maximum one-year sentence of imprisonment. (Report at 3.) At that time, a new parole violation warrant, pertaining to the May 17, 2013, arrest was issued against Plaintiff. (Report at 3.)

## Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a

Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 20; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).) No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

## Denial of Bail

Magistrate Judge Maas recommended dismissal of Plaintiff's claim that he was deprived of his "constitutional right to post bail" on the grounds that: (i) as a parole violator, Plaintiff had no right to post bail; (ii) Plaintiff's factual allegations were insufficient to establish that Defendants were personally involved in the alleged deprivation of Plaintiff's rights, and thus failed to support a claim against Defendants in their individual capacities; (iii) Plaintiff's claims against Defendants in their official capacities failed because Plaintiff did not allege facts to support a municipal custom or official policy that caused his injury, and because New York State has not waived state sovereign immunity with respect to Section 1983 claims; and (iv) Plaintiff failed to allege a compensable injury as a result of Defendants' actions. (*See* Report at 7-16.)

Judge Maas did not err in finding that Plaintiff, having in fact violated his parole, had no right to post bail. A parolee "no longer enjoys the benefit of a presumption of innocence and has no constitutional right to bail." *Galante v. Warden*, 573 F.2d 707, 708 (2d Cir. 1977) (per curiam); *see also Argro v. United States*, 505 F.2d 1374, 1378 (2d Cir. 1974) ("[W]e would think release on bail pending a revocation hearing . . . [would] be proper only under the most unusual circumstances.").

Judge Maas also correctly found that Plaintiff failed to allege any facts to support

Defendants' personal involvement in his continued detention, whether in the form of direct participation, failure to remedy, or creation or allowance of a policy or custom under which the unconstitutional practice occurred. (Report at 8-11.) Defendants are not mentioned in any part of Plaintiff's Complaint other than the case caption (*see* Compl.; Report at 9) and, in his opposition papers, Plaintiff asserts only that Defendants are "supervisor[il]y liable" for their agencies' parole warrant records (Pl.'s Opp'n Mem. at 2-3, ECF No. 32; Report at 9-10). Vicarious liability, however, "is inapplicable to . . . § 1983 suits." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A Section 1983 plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Judge Maas's determination that Plaintiff's claim should be dismissed on this ground was therefore not error.

A plaintiff may not assert a claim of municipal liability – that is, sue a government official in her official capacity – without alleging facts to support the existence of a custom or an official policy adopted by the municipality that caused his injury. Plaintiff's alleged wrongful detention due to a single expired parole warrant does not meet this policy or custom requirement. Separately, neither Congress nor New York State has waived its entitlement to sovereign immunity with respect to Section 1983 claims. *Quern v. Jordan*, 440 U.S. 332, 340-42 (1979); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977). Judge Maas thus correctly determined that Plaintiff is entitled to no relief on this ground. (Report at 13.)

Lastly, Magistrate Judge Maas found that, even if Plaintiff had successfully pled a violation of his claimed right to bail, Plaintiff alleged no compensable damages for his post-arraignment detention. (Report at 14-15.) Plaintiff makes no argument that he did not violate his parole, or that he would not have accepted his plea bargain had he been released on bail. (*See* Report at 15.) Moreover, New York State law requires that Plaintiff's sentence of imprisonment be reduced by

4

the amount of time he spent in custody prior to his plea. N.Y. Penal Law § 70.30(3) ("The term of a definite sentence . . . imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence."); *see also* Report at 15.) Therefore, Plaintiff spent no additional time in custody as a result of the denial of bail. Judge Maas thus did not err in concluding that Plaintiff's Section 1983 claim also fails for lack of compensable damages.

## Conclusion

Magistrate Judge Maas's Recommendation to dismiss this case is adopted. Defendants' motions to dismiss are GRANTED. The instant action is DISMISSED. The Clerk of the Court is directed to close the motions at ECF No. 24, 28, and this case.

Dated: New York, New York
September 2, 2014

SEP 03 2014

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

5